**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Wayne W. FITZGERALD, Respondent.**

Supreme Court of Kentucky.

June 15, 1983.

Bruce K. Davis, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Wayne W. Fitzgerald, Cynthiana, pro se.

## OPINION AND ORDER

Pursuant to the authority of SCR 3.370(7), this Court has reviewed the findings, conclusions and recommendations of the Kentucky Bar Association and the entire record made in this case. Such review discloses that respondent is guilty as charged of unprofessional conduct tending to bring the bench and bar into disrepute. A public reprimand is warranted by the evidence.

On February 15, 1979, acting in his capacity as Judge of Pendleton District Court, respondent entered an order transferring custody of three minor children from their natural mother to an uncle. After his defeat in a subsequent election, respondent stepped down as District Judge and returned to the private practice of law. On March 25, 1982, the natural mother filed a motion in Pendleton District Court to modify the previous custody order and regain custody of the children. Respondent afforded legal representation to the uncle in connection with this motion in violation of Disciplinary Rule 9–101(A) of the American Bar Association's *Model Code of Professional Responsibility* which provides that:

"A lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity."

Ethical Consideration 9–3 of the ABA's *Model Code* explains that a lawyer should avoid professional involvement in matters for which he has previously exercised substantial judicial responsibility "since to accept employment would give the appearance of impropriety even if none exists."

The ethical principles embodied in the ABA's *Model Code* are made applicable to lawyers in this state by virtue of SCR 3.130.

We note that the Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct in these circumstances and recommended a private reprimand. In view of the fact that respondent has once previously been so reprimanded and considering the gravity of the present charge, we deem a public reprimand, pursuant to SCR 3.380, to be a more appropriate sanction.

Respondent is hereby publicly reprimanded and ordered to pay the costs of this proceeding.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.

AKER, J., dissents and would adopt the recommendation of the Board of Governors of the Kentucky Bar Association and privately reprimand respondent.

WINTERSHEIMER, J., did not sit.

ENTERED this 15th day of June, 1983.

. /s/    Robert S. Stephens
Chief Justice